Mr. Justice Claytón
delivéred the opinion of the court.
This was ah appeal from an order of the probate court of Tip-pah county, disallowing a petition for dower or a distributive share in certain slaves.
The claim was resisted by the appellee, who filed a counter petition and prayed to be admitted as-a party, which the court allowed. He claimed title to the slaves adverse to the widow, under a conveyance from the husband, and upon the hearing, the court decided that the slaves were his, and'rejected the petition of the widow as to them.
A preliminary point is presented, as to the power or jurisdiction of the probate court, to try the rights to property claimed by adversary titles, of which the widow -seeks to be endowed or to have distribution.
It is not an easy matter, at all times, to trace the lines which separate the jurisdiction óf the several courts in this state. Causes of controversy sometimes have such extent and scope as either to blend the jurisdictions almost imperceptibly, or to make it necessary for one court to decide a portion of the controversy and a different court another portion. That is the case, in some degree, in this instance. It undoubtedly belongs to the probate court to decide upon the right to dower or distribution; but it is *562 the province of a court of law or of equity to pass upon adverse and conflicting titles. If in this state, as in many of the others, courts of equity possessed concurrent jurisdiction over matters of dower and distribution, that court might decide this whole controversy. But as the decisions are, that the jurisdiction of the probate court is exclusive as to matters confided to it by the constitution, and the jurisdiction of equity is equally exclusive over matters coming within its appropriate sphere, it follows that in a case like this, neither court can decide the whole controversy. The widow’s right to dower or distribution must be determined by the probate court, whether the property is subject to that right, in the court of adversary claims, must be submitted to another tribunal. The organization of the court of probate, and its mode of proceeding unfit it for the investigation and decision of complicated rights of property. It hence follows, that the controversy in regard to the title to the slaves in this case, was not properly taken into consideration by that tribunal.. It had no jurisdiction of it. After much reflection, we are led to the conclusion that what is thrown out in the Farmers & Merchants Bank of Memphis v. Tappan, 5 S. & M. 128, must be adhered to as the law. “ The order of admeasurement cannot affect or prejudice the right to dower, or the legal or equitable bar to it. These rights, if litigated, remain open for investigation in the ordinary course of justice. If the right to dower be denied, the party may protect his possession, notwithstanding the admeasurement, and drive her to her action at law.” 5 Cow. 168.
The rule that the court of probate cannot settle adversary claims to property, must be established as the true intention of the law. If the widow be sued, or if she have to bring suit for the property set apart to her, her rights must be settled by the same tribunal which would have jurisdiction between other litigants in like circumstances. If she be lawfully evicted, her part must again be allotted her, or compensation awarded her. Scott v. Hancock, 13 Mass. 168; Co. Lit. 35. These rules are very clearly stated in a recent work of unusual merit — a work calculated to be of great service in, the administration of the *563 probate law in this state. North, on the Law and Practice of the Probate Courts of Mississippi.
It is true that in this case the parties voluntarily submitted to the jurisdiction of the court, and permitted it to make a decision, without objection. Is this a cage in which consent can confer jurisdiction? We think not, for the reason that the subject-matter is not confided by the constitution to the probate court. If the objection to the jurisdiction grew out of any matter relating to the persons of the parties, then consent might confer the jurisdiction; but consent cannot give power to a court to enter up judgment in a case in which the law did not confer authority to do so. County of Yalabusha v. Carbry, 3 S. & M. 551. It is not easy to reconcile all the cases on this head, yet we think this is the true rule.
The consequence is, that the order of the probate court must be reversed, and the petition of John Holloman dismissed for want of jurisdiction. The petition of Jemima Holloman must be allowed, but the rights of John Holloman will not be prejudiced, nor will he be precluded from contesting her claim in any court having jurisdiction.
Decree of probate court reversed and cause remanded.