MISSISSIPPI CENTRAL RAILROAD COMPANY v. GEORGE L. BUTLER.

[46 South. 558.]

RAILROADS. *Live stock on track. Code 1906, § 4043. Municipal limits.*

> Code 1906, § 4043, making railroad companies liable for injuries resulting from running trains within a municipality at a rate of speed exceeding six miles an hour, has no application where the injury was inflicted outside of municipal limits, although the train just before inflicting the injury had been running within such limits faster than the statutory rate.

FROM the circuit court of Jefferson Davis county.

HON. WILEY H. POTTER, Judge.

Butler, appellee, was plaintiff in the court below; the railroad company, appellant, was defendant there. From a judgment in plaintiff's favor the railroad company appealed to the supreme court.

Plaintiff sued to recover damages, $225, the alleged value of a mare killed upon the defendant's railroad track. The declaration set forth that the animal, without fault of plaintiff, strayed upon the railroad track "at or near the corporate limits of the town of Prentiss; and the defendant company, by its agents and servants, not regarding its duty in that respect, so carelessly and negligently ran and managed one of its locomotives and trains that the same ran against and over said mare and killed her, to the great damage of plaintiff," etc. The evi-

·dence disclosed that the animal was struck about seventy-five .yards outside of the corporate limits of the town, by an outward bound passenger train en route from .Prentiss.   The opin- ion sufficiently sets forth the further proceedings in court.

*T. Brady, Jr.,* for appellant.

The evidence showed that the mare was grazing near the railroad track at a point where the track passed through a curve, .and therefore the engineer did not see her until the engine was ·close upon her.   On the approach of the engine and train, the .animal ran away from the track, but when the engine was very close to her, she turned and attempted to cross the track in front of the engine.   There was no fault on the part of the employees ·of the railroad company; it was an unavoidable accident.

The mare was killed at a point about seventy-five yards outside of the limits of the town.   The train was outward bound, ·on its way from Prentiss to Silver Creek.   The engine and ·train were in perfect repair and running at a rate of about twenty-five miles an hour.   Whatever may have been the rate of speed within the limits of the town, or just immediately before it passed over the corporation line, it does not appear that the rate of speed inside of the town had anything to do with the killing of the animal.   Under the circumstances, had the train been running at a rate of speed of only six miles an hour, and the animal had run, as she actually did, in front of the moving ·engine so suddenly as not to allow time for the engineer to stop the engine, the result to the animal would have been the same.

Negligence was not attributable to the appellant.   *Alabama, etc., R. Co. v. Slacy,* (Miss.), 35 South. 137; *Louisville, etc., R. Co. v. Smith,* 67 Miss. 15, 7 South. 212; *Yazoo, etc., R. Co. v. Smith,* 68 Miss. 359, 8 South. 508; *Cantreel v. Kansas City, etc., R. Co.,* 69 Miss. 435, 10 South. 580; *Alabama, etc., R. Co. v. Boyles,* (Miss.), 37 South. 498.

It cannot be contended that, if the engineer had not been running the train at a greater speed than six miles an hour as

the train passed the corporate limits, the accident would not have occurred. It is distinctly shown in evidence that the fact that the train just before it passed outside of the town limits. was going over six miles an hour, had absolutely nothing to do with the injury. Hence, the court below erred in granting the instruction in reference to the running of a train at a speed over six miles an hour in a municipality, predicated of Code 1906, § 4043. This code section cannot be stretched to the extent of making it cover, blanket-like, an accident outside the limits. of a municipality.

*Livingston & Cowart,* for appellee.

There can be no doubt that the injury resulted solely because of the fast speed of the engine and train, which speed had accumulated while the train was still within the corporate limits of the town. The jury, under the instructions, practically found that if the train had not been operated at such rapid speed within the municipality, this injury, happening just. without the town limits, would never have occurred.

Railroad corporations, in runnings their trains through incorporated towns, act at their peril in exceeding the speed allowed by law, and are liable for all damages resulting from such excess of speed, where the injury from which the damage accrues results from excess of speed, gained within the limits of the municipality. *New Orleans, etc., Railroad Co. v.. Toulme,* 59 Miss. 284; *Illinois, etc., Railroad Co. v. Jordan,* 63 Miss. 458.

It will be noted that the proof of injury by the train made out a *prima facie* case for appellee, and the appellant did not show, and in fact could not show, that the rear coach of the long passenger train was not still within the corporate limits of the town at the instant when the injury occurred, or that an unlawful rate of speed was not being maintained in the town limits at the time the mare was struck.

WHITFIELD, C. J., delivered the opinion of the court.

The animal in this case was killed outside the limits of the town of Prentiss. The declaration in the case is broad enough, if the evidence supported it, to warrant recovery upon negligence on other grounds than the excessive rate of speed through the town of Prentiss. We say, if the evidence warranted it, because we do not intimate any opinion as to whether the plaintiff was or was not entitled to recovery on any other ground.

The counsel for appellee, however, on this appeal, rests his right to recover exclusively on the fact that the appellant was running its train through the town of Prentiss at more than six miles an hour, and that hence he was entitled to recover on that ground alone, under Code 1906, § 4043. Acting upon that theory, they obtained from the court an instruction in these words: "The court instructs, for plaintiff, that if you believe from the evidence that the train was running at a greater rate of speed than six miles an hour within and as it crossed the corporate limits of the town of Prentiss, and killed the mare within seventy-five yards of the said corporate line, and that this rate of speed in the corporate limits and with which the train crossed the corporate line was the proximate cause of the killing, your verdict must be for the plaintiff."

Code 1906, § 4043 is in the following words: "Any railroad company having the right of way may run locomotives and cars by steam through cities, towns and villages, at the rate of six miles an hour and no more; and the company shall be liable for any damages or injury which may be sustained by any one from such locomotive or cars whilst they are running at a greater speed than six miles an hour through any city, town or village. The railroad commission shall have power to fix and prescribe limits in cities, towns and villages in which railroad companies may run locomotives and cars by steam at a greater rate than six miles an hour, and whenever it shall have fixed and prescribed such limits in any city, town or village, this section

shall not thereafter apply to the running of cars and locomotives by steam within the same."

Manifestly this statute applies alone to those cases in which the injury is inflicted within the corporate limits, or, to use the language of the statute, whilst a train is running at a greater rate of speed than six miles an hour through a town. The injury cannot be inflicted by a train whilst it is running through a town, if the animal on which the injury is inflicted be struck and killed outside the town.   For this reason the instruction is fatally erroneous.

The judgment is reversed, and the case remanded.

*Reversed.*