LOUISVILLE & NASHVILLE RAILROAD COMPANY v. FRANK M. DICK.

[48 South. 401.]

RAILROADS. *Municipal limits. Rate of speed. Code* 1906, § 4043.

Code 1906, § 4043, providing that railroad companies shall be liable for damages sustained by any one from trains running within the limits of a municipality at a rate of speed exceeding six miles an hour:—

(a) Imposes liability where the train was exceeding the statutory speed when the danger was or should have been discovered; and

(b) Liability cannot be escaped because the train was running within the statutory speed when it came in actual contact with the injured person or damaged property; but

(c) Liability does not follow because the train had been run within municipal limits at a rate exceeding the statutory speed previously to the time when the danger should have been discovered.

FROM the circuit court of Jackson county.

HON. WILLIAM H. HARDY, Judge.

Dick, appellee, was plaintiff in the court below; the railroad company, appellant, was defendant there. From a judgment in plaintiff's favor the defendant appealed to the supreme court.

Plaintiff was driving his horse and wagon along a street of the town of Ocean-Springs, Mississippi, which crossed the defendant's railroad track, and while passing over the railroad track, at a crossing within municipal limits was struck by defendant's moving train, was injured in his person and his property was seriously damaged. There was a conflict in the testimony touching the rate of speed at which the train was running at the time of and just before the injury, the witnesses estimating its speed variously, some testifying that it was moving much faster than six miles an hour, while others affirmed that when plaintiff's danger was discovered it was not running over five miles per hour and at a much less speed when he was struck, but all practically admitted that its speed had exceeded six miles an hour within the limits of the town previously to the time when plaintiff's danger was discovered.

The fifth instruction asked by plaintiff and given by the court below, was in these words: "If from the evidence the jury believe that the plaintiff in attempting to cross the defendant's track on a public street was struck by defendant's train, and that at the time of the collision the train was running less than six miles per hour but that before the collision and within the corporate limits of Ocean Springs, said train had been running at a greater rate of speed than six miles an hour and that, if during the entire time said train was within the corporate limits of said town it had been running at the rate of speed not greater than six miles per hour the collision would not have happened, then defendant is guilty of negligence and is responsible for the injury unless the plaintiff was guilty of contributory negligence."

*Gregory L. Smith,* for appellant.

The giving of charge number five requested by the plaintiff was error. By this charge the court instructed the jury that if the train, at the time of the collision, was running less than six miles an hour, but that before the collision and within the cor-

porate limits of Ocean Springs, said train had been running at a greater rate of sped than six miles an hour, and that if during the entire time said train was within the corporate limits of said town it had been running at a rate of speed not greater than six miles an hour, the collision would not have happened, then the defendant was guilty of negligence and was responsible for the injury, unless plaintiff was guilty of contributory negligence.

Such proposition is not within the letter or the spirit of the statute. The statute (section 4043) provides that: "The company shall be liable for any damage or injury which may be sustained by an one from such locomotive or cars *whilst* they are running at a greater rate of speed than six miles an hour through any city, town or village."

The purpose of the statute was to require trains to be run within the corporate limits at such a rate of speed as to enable them to be stopped or checked upon the appearance of danger; if, because they are being run at a greater rate of speed, they cannot be stopped and injury results, the injury is inflicted while running at a greater rate of speed within the meaning of the act, though such speed may have been reduced below statutory rate after danger had become apparent and in an effort on the part of those in charge of the train to avoid the danger. *N. O. R. Co. v. Toulmc,* 59 Miss. 89.

But if, at the time the danger becomes imminent, the train is not running at a greater rate of speed than six miles an hour, then the fact that at some prior time it had been running within the corporate limits of the same city at a greater rate of speed does not add to the difficulty in checking or stopping the train when a danger is encountered. The theory that the railroad is liable because, except for such prior rate of speed, the train would not have reached the place of accident and that, therefore, such excessive speed is the cause of the accident is not maintainable upon principle. Such prior speed is but the remote and not the proximate cause of the injury. If the con-

struction contended for were a proper one, then a railroad would be liable for an accident in one city because it ran at a greater rate of speed in another, for except for such rate of speed, it would not have reached the place of accident at the time that the accident occurred.

A railroad is no more liable for an injury arising from running its train at a rate of speed prohibited by statute than for any other act of negligence on its part. If by reason of the spreading of the rails, due to the negligence of the railroad, a passenger or one near the track is injured, the railroad is liable, but if by the negligence of the railroad the track spreads and delays another train, and such other train subsequently, but on the same trip, runs over a cow, it certainly would not be claimed that the company is liable because but for this negligence in the maintenance of its track the train would have passed the point of collision before the cow reached it. Or, if the plaintiff had started home at noon, but forgot to put a nut upon the spindle of his wagon and his wheel came off and caused his wagon to break down, and to delay him until evening, he would be guilty of negligence the proximate result of which would be the delay, but it would certainly not be claimed that such negligence and delay proximately contributed to his injury because, except for such negligence, he would have crossed the track before the train reached that point. Or, if plaintiff had run his horse at a reckless rate from his farm to within one hundred feet of the track and there stopped the horse, and thereafter exercised every care and caution in crossing the track, it certainly could not be claimed that his negligence in running the horse proximately contributed to his injury, because, except for such negligence he would not have reached the place of collision until the train had passed.

The train was due at the point of collision, according to its schedule, and it was its duty to be there. There was nothing wrong in its presence at that point, and the fact that by some wrongful act it succeeded in reaching the point of collision

where it rightfully should have been added nothing to the danger or risk of the plaintiff. The danger to the plaintiff would have been the same whether the train had started earlier or its speed had been made up between the corporate limits or out of them.

*Denny & Denny* and *Witherspoon & Witherspoon,* for appellee.

The fifth instruction is based upon section 4043 of the Code of 1906. This section defines the duty of the railroad company. It provides that it may run its trains through a city, town or village at the rate of six miles per hour, and no more. And it further provides the penalty attached to any violation of the section, as liability for any damages or injury that may be sustained while running through any municipality at a greater rate of speed than that allowed by law. It says:

"And the company shall be liable for any damages or injury which may be sustained by any one from such locomotive or cars whilst they are running at a greater speed than six miles an hour through any city, town or village."

The section clearly provides that the entire passage while within the corporate limits shall be considered in determining whether the speed of the train be legal or illegal. It is not the speed at any given instant, as, for example, at the instant of an accident which determines whether the law has been violated, but the entire passage while within the corporate limits.

The first clause of this section provides the speed that it shall be lawful for a train to run through a city. The second clause provides the result of a violation of the first section which is liability for any injury sustained.

The construction placed on this statute by our learned friends on the other side is that the accident must have happened whilst the train was running at a rate of speed more than six miles an hour. Our construction makes the statute mean what it says: Six miles an hour through any city, town, or vil-

lage. And it is only by adopting our construction of the statute that the decisions of this court in the case of *New Orleans, etc., R. Co. v. Toulme,* 59 Miss. 284; *Illinois, etc., R. Co. v. Jordan,* 63 Miss. 458, can be upheld; for in these cases the court held that the speed of the train at the very moment of the accident was immaterial; which it could not have done except on the theory that it is the entire passage of the train that is to be considered in determining whether the law has been violated, with the consequent liability of the company in case the answer is in the affirmative.

MAYES, J., delivered the opinion of the court.

The giving of the fifth instruction in this case was error, for which this case will have to be reversed. The instruction makes the railroad company liable for all injuries sustained by the running of a train through the corporate limits of any city, if the locomotive shall have run at a greater rate of speed than six miles at any time whilst in the limits of the city. In other words, if a city be a mile long, and a train approaching the city come in at a rate of speed greater than six miles an hour for the first half mile, and for the second half mile slow down to a lawful rate of speed, and while so running at a less rate of speed than six miles an hour, a person is injured by the train, the railroad company is to be held liable for the injury, just as though they had run the entire mile at a greater rate of speed than six miles per hour. This is not the statute. The statute (Code 1906, § 4043) provides that the company shall be liable for any damage or injury which may be sustained by the locomotive or cars whilst running at a greater speed than six miles. The object of this statute is to have the speed of the train reduced so as to bring the train under perfect control. In the case of *Railroad Company v. Toulme,* 59 Miss. 284, this court held that, even though the train be running at a less rate of speed than six miles per hour at the very time of the impact, still the company is liable if it appear that at the time the dan-

ger was discovered the train was going at an unlawful rate of speed. In the *Toulme case, supra,* it is plain to be seen that it was the unlawful rate of speed that caused the injury. In the case of *Mississippi Central Railroad Co. v. Butler,* 93 Miss. 654, 46 South. 558, this court held that where a train ran through a town at an unlawful rate of speed, and struck an animal just outside the corporate limits of the town, the statute did not apply because the injury must be occasioned whilst maintaining the unlawful rate of speed. The whole purpose of the instruction was to make the railroad company liable, whether the injury inflicted whilst maintaining the unlawful speed or not, if the train had been run at a greater rate of speed than six miles per hour while passing through the corporate limits. If the statute can be so applied, it might just as well be applied to a case where it is shown that the train ran through any town along its route at an unlawful rate of speed. Under this construction of the statute, if at any time during its journey any train had been run at a greater rate of speed than six miles an hour in any municipality along its route, the company would be liable.

The question of liability by this statute is made to depend on the lawfulness of speed at the time the danger is discovered, or should have been discovred if the train had been running at the prescribed speed.

*Reversed and remanded.*