# DUVALL *v.* DUVALL.

No. 39671 June 13, 1955 80 So. 2d 752

July 15, 1955 81 So. 2d 695

*Mitchell & Simmerman*, Pascagoula, for appellant.

*Barnett, Jones & Montgomery*, Jackson; *Luther Austin*, Laurel, for appellee.

GILLESPIE, J.

On direct appeal Mrs. Duval assigned numerous errors, the principal ones being the denial of separate maintenance, and the denial of an allowance to her attorney. The chancellor was amply supported by the evidence and we find no reversible error. The ques-

tions raised on direct appeal do not warrant discussion. The direct appeal is, therefore, affirmed.

 ██ Mr. Duvall perfected a cross-appeal, and his principal contention is that the lower court erred in making a division of the personal property to one-half of which Mrs. Duvall asserted an equitable right; that inasmuch as the court found and decreed that Mrs. Duvall was not entitled to be separately maintained by Mr. Duvall, the only decree the court had jurisdiction to enter was one dismissing the suit.

The answer of Mr. Duvall did not deny that the complainant was entitled to one-half of the property described in the original bill, and the lower court was justified in construing the answer as admitting the right of Mrs. Duvall to one-half the property. Moreover, Mr. Duvall's attorney, at the close of the testimony, dictated into the record the following: "Comes now, Harry M. Duvall, by his solicitor of record and moves the court to grant the relief prayed for by the complaint (Mrs. Duvall) in the original bill of complaint which asks that all the property acquired by complainant and defendant during the married life of these parties be divided equally between them, the answer having admitted that the complainant would be entitled to half of that property, if she so desired, but that the complainant be denied alimony for herself in addition to one-half of the property, which was attached to and made a part of the complaint."

It will thus be observed that Mr. Duvall consented to everything that was done by the court in reference to dividing the property. The basis of the argument on Mr. Duvall's cross-appeal is that the court had no jurisdiction to enter the decree dividing the property, and that the parties may not confer jurisdiction on a court that has none.

If there was any lack of jurisdiction, it was that the court did not have jurisdiction of the subject matter. Other jurisdictional questions may be waived. 21 C. J. S.,

Courts, Sec. 109. We consider the sole question of whether the court had jurisdiction of the subject matter.

■■ It is a universal rule of law, recognized by the text writers and every court dealing with the question, that parties cannot, by consent, give a court, as such, jurisdiction of subject matter of which it would otherwise not have jurisdiction. Jurisdiction in this sense cannot be increased or diminished by the consent of the parties. 14 Am. Jur., Courts, Sec. 184; 21 C. J. S., Courts, Sec. 109; Holloman v. Holloman, 13 Miss. 559; Switzer v. Benny, 94 Miss. 209, 48 So. 401; Hauger, et al v. Hauger, 376 Pa. 216, 101 A. 2d 632; Griffith, Miss. Chancery Practice, Sec. 22.

■■ It is equally well settled that a judgment rendered by a court having no jurisdiction of the subject matter is void, not merely voidable, and may be attacked directly or collaterally, anywhere, and at any time. Such a judgment is a usurpation of power and is an absolute nullity. 31 Am. Jur., Judgments, Sec. 406, 408; 21 C. J. S., Courts, Sec. 116; 49 C. J. S., Judgments, Sec. 421; Malone v. Meres, (Fla.) 109 So. 677.

■■ Jurisdiction of the subject matter is the power of the court to hear and determine cases of the general class to which the particular case belongs. 21 C. J. S., Courts, Sec. 23. It is the right or power to deal with the general abstract question, to hear the facts in a particular case relating to this question, and determine whether they are sufficient to invoke the exercise of that power. Malone v. Meres, supra. ■■ The subject matter means the nature of the cause of action and the relief sought. The jurisdiction of a court is limited as to subject matter when it has not the power to hear and determine all classes of cases. 14 Am. Jur., Courts, Sec. 208.

■■ But if a Court has jurisdiction of the subject matter, it has the power to decide the case according to its own view of the law and the facts; the test of jurisdiction is whether the court has the right to enter on the

inquiry, and not whether its methods were regular, its findings right, or its conclusions according to law. 21 C. J. S., Courts, Sec. 27. ██ ██ And jurisdiction should be distinguished from the exercise of jurisdiction. The authority to decide a case at all, and not the decision rendered therein, is what makes up jurisdiction, and when there is jurisdiction of the person and subject matter, the decision of all other questions arising in the case is but an exercise of that jurisdiction. The test of jurisdiction is the power to act, not the correctness of its decision. 21 C. J. S., Courts, Secs. 26 and 27; Malone v. Meres, supra.

██ ██ Nor is the test of jurisdiction determined by whether the complaint states a cause of action. When the court has jurisdiction of the parties and the subject matter, a judgment rendered on a complaint that does not state a good cause of action is not void and subject to collateral attack; and when a court dismisses a petition or complaint for failure to state a good cause of action the dismissal in such case, when the proper parties are before the court and the court has general jurisdiction of the abstract question involved, is on the merits and not for lack of jurisdiction. Gasper v. Mazur, 157 Neb. 857, 62 N. W. 2d 117. ██ ██ Whether the complaint states a cause of action on which relief could be granted is a question of law which must be decided after and not before the court has assumed jurisdiction of the cause. West Coast Exploration Co. v. McKay, 213 F. 2d 582; Williams v. Steamship Mutual Underwriting Association, Ltd., 273 P. 2d 803.

██ ██ The term ''jurisdiction'' is sometimes loosely used in equity cases when the writers meant only to inquire whether the facts before the court presented a case for the proper exercise of the power of the court. When so used, the term does not mean ''jurisdiction'' in the sense that we have here under consideration. To have reached that stage of the case where the court enters upon the inquiry whether the facts call for the exercise

of equity power, the court must necessarily have predetermined whether it had jurisdiction. ▉▉ The question of the existence of jurisdiction is an abstract inquiry that precedes all other inquiries and proceedings. The existence of jurisdiction is consistent with the denial of any equity in any of the parties to the suit. The term "jurisdiction" as used in Ethridge v. Webb, 210 Miss. 729, 50 So. 2d 603, did not refer to the question of the power of the chancery court to entertain an equity suit for separate maintenance, but rather, as we have heretofore noted, the term was used in the sense of stating what state of facts were sufficient to call for the exercise of the power of equity.

The question of jurisdiction, in the sense we are here considering, that is, whether the court had the power to enter upon the inquiry at all, had necessarily preceded the inquiry into the facts. If the judgment in the Ethridge case had been decided either way by the lower court and not attacked directly, it would have been unassailable collaterally, which is to say that the court had jurisdiction of the case regardless of whether the facts met the requirements set out in the opinion.

▉▉ The settlement of the property rights of Mr. and Mrs. Duvall was a proper subject of equity jurisdiction under the settled principle of equity procedure that the chancery court, having taken jurisdiction of one ground of equity, in this case the suit for separate maintenance, would then proceed in the one suit to a complete adjudication and settlement of every one of the several disputed questions materially involved in the entire transaction, awarding by a single comprehensive decree all appropriate remedies, legal as well as equitable, although all the other questions involved would be purely of legal cognizance. Griffith, Miss. Chancery Practice, Sec. 28. ▉▉ "And in this state, the rule goes even to the extent that if the ground of equity fail under the proof, the cause may still be retained to a complete final decree on the remaining issues although the latter present

legal subjects only and the decree would cover only legal rights and grant none but legal remedies — that having taken jurisdiction the power of the court to administer full relief is limited by nothing but justice itself.'' Griffith, Miss. Chancery Practice, Sec. 28. McClendon v. Mississippi State Highway Com., 205 Miss. 71, 38 So. 2d 325.

The source of the equity jurisdiction of the chancery court is the Constitution, Section 159. Among other matters, this section vests in the chancery court full jurisdiction of all matters in equity. There is no limitation on the power of the chancery court in equity matters except that the rights enforced or to be protected must come within the province and policy of remedial justice, and be a matter involving civil rights or property. Griffith, Miss. Chancery Practice, Sec. 25.

''This points to the true line of distinction in the use of the term 'jurisdiction.' The question is properly one of jurisdiction, only when a judgment asserting the power of the court would be void and assailable collaterally, in every other court. There are, I apprehend, very few cases in which that position could be affirmed in respect to a court possessing general jurisdiction in law and equity, on grounds relating to the subject matter of a controversy. If the court of chancery had originally decided the cases cited the other way, no court would collaterally have examined the correctness of the decrees. They might in that case, and we may assume would, have reversed on appeal, but the reversal would have proceeded on the ground that they were erroneous judgments — not void judgments — and would not have denied the authority of the court to make a decree, but would have asserted a want of equity in the case of the complainant. Bangs v. Duckinfield, 18 N. Y. 592, text 595, 596.'' Malone v. Meres, supra.

The court had jurisdiction in equity to hear and determine Mrs. Duvall's suit for separate maintenance as being one recognizable in equity since the deci-

sion in Garland v. Garland, 50 Miss. 694, which was decided before the adoption of the Constitution in 1890. The title of the personal property to which Mrs. Duvall claimed an equitable right was a matter materially involved in the suit for separate maintenance. Once the court took jurisdiction of the case the rendition of a decree involving her property rights as between the wife and the husband was not dependent upon the successful prosecution of her suit for separate maintenance. The complaint prayed for a division of certain property to one-half of which the complainant, Mrs. Duvall, asserted an equitable right. The answer admitted that Mrs. Duvall was entitled to half the property. Mrs. Duvall, therefore, offered no proof of her entitlement to half the property. Under the pleadings there was no need for her to do so. Then, before the chancellor entered his decree, the attorney for Mr. Duvall affirmatively moved the court to grant the prayer of the complainant that the property be divided, and the court did so, and entered judgment accordingly.

We recite these circumstances, not because they have any bearing on the question of jurisdiction of the subject matter of the suit, but to show consent of what was done, so that it may be apparent that we must pretermit consideration of all questions involved as to the correctness of the decree made in reference to the property as a matter of substantive right. There is before this Court one question only — whether the court had the jurisdictional power to enter the decree as distinguished from the exercise of that power. We have observed that the court had jurisdiction.

 ██ The failure of the complainant to allege facts entitling Mrs. Duvall to an equitable interest in the property is immaterial on the jurisdictional question, and the same may be said as to the absence of proof establishing the equitable claim. It would have been different except for the consensual basis of the decree.

We do not hold that a wife, in a suit for separate maintenance could, as a matter of right, have support awarded to her in a lump sum or would be entitled to a part of her husband's property. 27 Am. Jur., Sec. 415, p. 23; Divorce and Separation, Amis, Sec. 194, p. 256. But these are matters involving the exercise of equity jurisdiction. Moreover, the division of the property in this case was not an award of lump sum support to the wife. In this case, we decide no question involving substantive rights as between husband and wife. What we do hold may be narrowed to this: That the court had jurisdiction of the suit, and within the sphere of its jurisdictional power it entered a decree at the instance and request of both parties; and in this situation neither party may be heard to say on appeal that the decree is invalid. 4 C. J. S., Appeal and Error, Sec. 213.

What we here hold is not at variance with the rule that a court may not divest the husband of title to his property and to vest the title in the wife by judicial fiat or decree. McCraney v. McCraney, 208 Miss. 105, 43 So. 2d 872. No consent was involved in the McCraney case. There the husband owned the property; in this case the title to personal property was in the name of the husband and he expressly agreed the wife was in equity entitled to one-half thereof.

██ ██ Mr. Duvall contends that it is against public policy to allow the husband and wife to litigate concerning the husband's property as being disruptive of the marital relationship. With this general proposition we agree. But if, as in this case, they are living apart and the husband has property to which the wife is equitably entitled, it is not contrary to public policy that she have that to which she is entitled. This is a different matter from a husband and wife litigating about the husband's property.

Affirmed on direct appeal and cross-appeal. Appeal costs to be taxed in the proportion of one-half each against the appellee and the appellant.

*McGehee, C. J.,* and *Hall, Kyle* and *Arrington, JJ.,* concur.

ON SUGGESTION OF ERROR AND MOTION FOR ALIMONY DURING PENDENCY OF APPEAL, AND FOR ATTORNEY'S FEE ON APPEAL

McGehee, C. J.

Upon further consideration we are still of the opinion that the decision herein rendered on June 13, 1955, on the direct and cross-appeals was correct and that the suggestion of error should be overruled.

██ ██ The motion for an allowance of alimony to the appellant, Mrs. Leone R. Duvall, pending the appeal take by her, and for the allowance of an attorney's fee on the appeal, had been passed until a consideration of the case on the merits, but the motion was not specifically dealt with in the opinion rendered on June 13, 1955 on the direct and cross-appeals. However, we are of the opinion that the record fails to disclose that the wife was in necessitous circumstances or unable to pay a fee to her attorney for prosecuting the appeal. She had obtained an equal division of property by the decree appealed from. The trial court would have been without authority to divest the husband of his title to one-half of the property and vest the same in the wife except for the fact that by his answer the husband agreed that she was entitled to such a division.

Therefore, we do not think that the record presents a case for the allowance of alimony pending the appeal, or for the allowance to her of an attorney's fee for prosecuting the appeal, and the motion as well as the suggestion of error should be overruled.

Suggestion of error and the motion overruled.

*Hall, Kyle, Arrington* and *Gillespie, JJ.,* concur.