SMITH, Justice,
dissenting:
¶ 46. In my view, when the youth court vacated the orders granting the Department of Human Services authority and custody of the child, it lost jurisdiction and could not even recover the child under the Interstate Compact on the Placement of Children. I cannot agree with majority’s decision that jurisdiction was proper. Therefore, I respectfully dissent.
*1236 ¶ 47. Chancellor James S. Gore, in his September 23, 1999, order denying Appellants Motion to Dismiss held:
That the child, ..., is present physically located in the State of North Carolina, by having placed there by the Oktibbeha County Department of Human Services under the authority of, and pursuant of, the provisions of the Interstate Compact on the Placement of Children (Section 43-18-1, Mississippi Code of 1972, Annotated). That Article V of said Compact provides that jurisdiction over the custody of said child shall remain in Mississippi as the sending State.
¶48. In so holding, Chancellor Gore either overlooked, ignored, or disregarded the holding of Chancellor Robert L. Lancaster, sitting as a youth court judge. On August 31, 1998, Judge Lancaster dismissed all the youth court orders awarding custody of the child to the Department of Human Services and found that the appropriate jurisdiction for determining the placement of the child was in chancery court. The youth court opinion stated, “[t]he statute requires that the adjudicatory hearing be held within ninety days of the petition or The petition shall be dismissed with prejudice. Section 43-21-55(a) MCA.... This is a mandatory requirement, and after said ninety days has expired the youth court no longer has any jurisdiction.”
¶ 49. The majority in holding that jurisdiction exists relies on the placement by the Oktibbeha County Department of Human Services of the minor under the Interstate Compact on the Placement of Children. The majority, however, fails to consider that said placement by the Department of Human Services was held void and invalid for lack of jurisdiction. The February 9, 1996, judgment or order by the youth court referee which authoxdzed and approved the “Relative Placement” was vacated by the Chancery Court of Oktibbeha County, Mississippi, Youth Court division on August 31, 1998. Thus, the rights, if any, of appellee were as if no removal order has been entered.
¶ 50. The law on this subject is clear in Mississippi. This Court has held:
It is equally well settled that a judgment rendered by a court having no jurisdiction of the subject matter is void, not merely voidable, and may be attacked directly or collaterally, anywhere, and at any time. Such a judgment is a usurpation of power and is an absolute nullity.
Duvall v. Duvall, 224 Miss. 546, 552, 80 So.2d 752, 754 (1955) (citations omitted). Further, a void judgment can furnish no basis for any subsequent action. Southern Trucking Serv., Inc. v. Mississippi Sand & Gravel, Inc., 483 So.2d 321, 324 (Miss.1986). Equally clear are this Court’s words in Overbey v. Murray, 569 So.2d 303, 306 (Miss.1990):
In defining a void judgment, this Court has repeated the federal rule, which states that ‘a judgment is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.’ Bryant, Inc. v. Walters, 493 So.2d 933, 938 (Miss.1986). The trial court has no discretion in dealing with a void judgment. If the judgment is void, it must be set aside. Walters, 493 So.2d at 937.
¶ 51. It is clear that Chancellor Gore erred in not recognizing that the order or judgment obtained by the Oktibbeha County Department of Human Services authorizing the “Relative Placement” under the Interstate Compact on the Placement of Children was declared void by Chancellor Lancaster, sitting as a youth court judge. The Chancery Court of Ok-tibbeha County had no subject matter jur *1237 isdiction, nor did it have jurisdiction over the appellants and the minor child. Therefore, I respectfully dissent.
COBB, J., joins this opinion.