CHANDLER, J.,
for the Court:
¶ 1. James and Melissa D’Angelo agreed to arbitrate a contract dispute with Hometown Concepts, d/b/a/ Hampton Homes, the contractor which built their home. The arbitrator ruled in favor of the D’Angelos and awarded them damages. The D’Angelos petitioned the Harrison County Circuit Court to amend the arbitrator’s award to increase the damages. The circuit court declined to amend the arbitration award, and entered an order confirming the award. The D’Angelos assert one issue on appeal:
I. WHETHER THE CIRCUIT COURT ERRED IN FAILING TO AMEND THE ARBITRATOR’S AWARD. Finding no error, we affirm.
*271 I. FACTS
¶2. James and Melissa D’Angelo contracted with Hometown Concepts, Inc., d/b/a Hampton Homes [“Hampton Homes”], to construct a new house. After moving into their home, the D’Angelos discovered certain defects in the roof. The D’Angelos sued Hampton Homes in the Harrison County Circuit Court to recover the repair costs. After Hampton Homes moved to compel the arbitration provision of the construction contract, the D’Angelos agreed to arbitrate the dispute.
¶ 3. The D’Angelos hired certain professionals to evaluate the extent of the defects. They presented the arbitrator with reports outlining the defects and with repair estimates. Mandal’s Inc. estimated the cost to install a new roof at $7,027.76. P & G Associate, Inc. quoted $8,592 to repair the fascia and roof line plus $3,000 to repaint the soffit and fascia. W.L. Powell quoted $1,750 to repair the defective roof.
¶4. The arbitrator found that the roof was defective and that the D’Angelos were entitled to recover repair costs. Accepting W.L. Powell’s repair estimate, the arbitrator awarded the D’Angelo’s $1,750 for the repairs. The arbitrator also awarded the D’Angelos costs to repair the rafters in the attic, inspection costs, and attorney fees calculated at thirty percent of the total amount awarded.
¶ 5. Aggrieved by the arbitrator’s acceptance of W.L. Powell’s estimate, the D’Angelos asked the arbitrator to increase the damage award. In his supplemental decision, the arbitrator noted that the D’Angelos did not meet their burden of proving the necessity of replacing and re-shingling the entire roof; thus, the arbitrator declined to increase the monetary award. The D’Angelos petitioned the circuit court to modify the arbitrator’s award. The circuit court ruled that it lacked the authority to modify the arbitrator’s award, and entered its judgment confirming the award.
LAW AND ANALYSIS I. DID THE CIRCUIT COURT ERR IN FAILING TO AMEND THE ARBITRATOR’S AWARD?
¶ 6. The scope of judicial review of an arbitration award is quite narrow, and “every reasonable presumption will be indulged in favor of the validity of arbitration proceedings.” Craig v. Barber, 524 So.2d 974, 977 (Miss.1988) (quoting Hutto v. Jordan, 204 Miss. 30, 41, 36 So.2d 809, 811 (1948)). Further:
[The arbitrator] might proceed altogether on views of what was right and just between the parties without following either the rules that would govern a court of law or equity in the circumstances. It is not legitimate, therefore, in exceptions to the award, to inquire into the original merits in favor of one party or the other, or to show that in the evidence the award ought to have been different or that the law of the case was misconceived or misapplied, or that the decision, in view of all the facts and circumstances, was unjust.
Hutto, 204 Miss, at 41, 36 So.2d at 811.
¶ 7. Mississippi statutory law provides extremely limited circumstances under which an arbitration award may be vacated or modified. The court may vacate an arbitration award if: “(a) The award was procured by corruption, fraud or other undue means; [or] (b) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the right of any party.” Miss.Code Ann. § 11-15-133(1) (Supp.2000).
¶ 8. The court may modify an arbitration award if:
*272 (a) There is an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;
(b) The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or
(c) The award is imperfect in a matter of form, not affecting the merits of the controversy.
Miss.Code Ann. § 11-15-135(1) (Supp. 2000).
¶ 9. The D’Angelos seek modification, not vacation, of the arbitration award. They argue that the arbitrator made an evident miscalculation in computing the damages because he failed to grant the costs necessary to completely repair the roof. Since “evident miscalculation” has not been defined by either the Mississippi Legislature or by Mississippi case law, the D’Angelos urge this Court to adopt the following definition:
[W]here the record that was before the arbitrator demonstrates an unambiguous and undisputed mistake of fact and the record demonstrates strong reliance on that mistake by the arbitrator in making his award, it can fairly be said that the arbitrator “exceeded [his] powers.... ” National Post Office v. United States Postal Service, 751 F.2d 834, 843 (6th Cir.1985). We interpret the term “undisputed” to mean we should look to see whether there is any rational basis for disputing the truth of the fact.
McIlroy v. PaineWebber, Inc., 989 F.2d 817, 821 (5th Cir.1993) (citing Valentine Sugars, Inc. v. Donau Corp., 981 F.2d 210 (5th Cir.1993)) (emphasis added).[1] Under this definition, a modification of the damages award in the case sub judice is not justified because the D’Angelos have not demonstrated “an unambiguous and undisputed mistake of fact.” Indeed, Hometown Concepts vigorously disputes that the damages awarded were the result of a miscalculation by the arbitrator.
¶ 10. The D’Angelos invite this Court to “adopt the standard that if the arbitrator’s decision has no evidentiary basis, the Courts shall amend or vacate the decision.” Mississippi Code Annotated section ll-15-133(l)(b) (Supp.2000) makes it quite clear, however, that arbitration awards are not to be vacated for lack of an evidentiary basis, as is evident from the following language: “The fact that such relief was such that it could not or would not be granted by a court of law or equity is no ground for vacating or refusing to confirm the award.” Miss.Code Ann. § ll-15-133(l)(b) (Supp. 2000). In Craig v. Barber, 524 So.2d 974 (Miss.1988), the supreme court refused to review an arbitration award for lack of an evidentiary basis. The court stated:
[The contractor’s] assertion before the Circuit Court is reminiscent of the appeals we hear so often when a party challenges the evidentiary basis for a trial court’s ruling. Our limited scope of review of such matters echoes our century old limitation upon judicial review of an arbitration award, announced originally in Jenkins in 1871 and reaffirmed in Hutto. If anything the scope of judicial review of arbitration awards is much narrower.
Id. at 977.
¶ 11. Looking again to the statutory grounds for modification, modification may be had only where: the purported mistake is the product of an evident miscalculation of figures or an evident mistake in the *273 description of any person, thing or property referred to in the award; in cases in which the award could be corrected without affecting the merits; or in cases where the award is imperfect in a matter of form which does not affect the merits. In the present case, the amount of damages the arbitrator awarded was not the product of an evident miscalculation of figures; rather, the amount was simply based upon the lowest repair estimate submitted by the D’Angelos. The amount of damages to which the D’Angelos were entitled was a contested issue of fact, and any judicial correction of the damage award would affect the merits. Because it is not appropriate for this Court to inquire into the evidentiary basis of the award, and because we must indulge every reasonable presumption in favor of the validity of the arbitration, we hereby affirm.
¶ 12. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS AFFIRMED. COSTS ARE ASSESSED TO APPELLANTS.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, LEE, and MYERS, JJ., concur.
IRVING, J., concurs in result only.

. The Mcllroy court examined 9 U.S.C. § 11, the modification provision of the federal arbitration act, which is substantially similar to Miss.Code Ann. § 11-15-135(1) (Supp.2000).