# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CA-00218-COA

CALVIN BUCHANAN                                                                      APPELLANT

v.

HOPE FEDERAL CREDIT UNION                                                           APPELLEE

DATE OF JUDGMENT:            01/28/2021
TRIAL JUDGE:                 HON. STEVE S. RATCLIFF III
COURT FROM WHICH APPEALED:   RANKIN COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:     LARRY STAMPS
                             ANITA M. STAMPS
ATTORNEY FOR APPELLEE:       CHRISTOPHER HANSER MEREDITH
NATURE OF THE CASE:          CIVIL - OTHER
DISPOSITION:                 AFFIRMED - 02/21/2023
MOTION FOR REHEARING FILED:

### BEFORE WILSON, P.J., WESTBROOKS AND SMITH, JJ.

### SMITH, J., FOR THE COURT:

¶1.     Calvin Buchanan appeals from the Rankin County Circuit Court's order denying Buchanan's motion to transfer venue of Hope Federal Credit Union's (HFCU) action seeking confirmation of an arbitration award to the Hinds County Circuit Court, First Judicial District. Buchanan argues the circuit court erred by declaring Rankin County a proper venue and by denying Hinds County as the proper venue. Finding credible evidence to support HFCU's choice of venue in Rankin County, we affirm the order denying the transfer of venue.

### STATEMENT OF THE FACTS AND PROCEDURAL HISTORY

¶2.     This case derives from proceedings to confirm an arbitration award. The arbitrator

granted monetary relief to HFCU and adjudged Buchanan liable to HFCU for payment. HFCU is a federally chartered credit union registered to do business in the State of Mississippi, with its principal place of business located within the City of Jackson in the portion of the city contained in Rankin County, Mississippi.[1] Taylor Brown LLC is a Tennessee limited liability company engaged in business operations in Tennessee.

¶3.     On March 8, 2012, HFCU extended a commercial loan ("loan") to Taylor Brown for the purpose of financing a pharmacy. The loan is evidenced by a loan agreement and a promissory note executed by Taylor Brown, a continuing and unconditional guaranty executed by Buchanan ("Guaranty"), and a continuing and unconditional guaranty executed by Ivory Taylor[2] (collectively, "loan documents"). Each of these loan documents is dated March 8, 2012.[3]  Taylor Brown subsequently defaulted on its loan payments at some point before September 20, 2017.[4]

---

[1] Buchanan is a resident of Lafayette County, Mississippi.

[2] Ivory Taylor is a resident of DeSoto County, Mississippi, but the record is otherwise devoid of information as to Ivory's relationship with Taylor Brown.

[3] The Guaranty signed by Buchanan essentially stated that the agreement was for the benefit of Taylor Brown and that Buchanan personally assured payment to HFCU if Taylor Brown failed to pay on the commercial loan when due. As reflected in the terms of the Guaranty, Buchanan agreed to resolve any claims or disputes related to Taylor Brown's commercial loan through arbitration; he consented to participate in arbitration proceedings located in the City of Jackson, Hinds County, Mississippi; and he acceded to entering final judgment on the arbitration award in any court of competent jurisdiction.

[4] The record shows that on September 20, 2017, HFCU pursued foreclosure proceedings on certain real property securing Taylor Brown's loan in order to recover a portion of the loan balance owed by Taylor Brown. The record before this Court indicates

¶4. On July 18, 2019, HFCU filed a demand for arbitration against Buchanan and Ivory with the American Arbitration Association.[5] HFCU's demand for arbitration claimed that the terms of the Guaranty entitled HFCU to payment from Buchanan for the loan indebtedness owed by Taylor Brown. On January 31, 2020, the arbitrator conducted a final hearing for the arbitration proceedings, during which both HFCU and Buchanan were represented. On March 31, 2020, the arbitrator issued his final award and rendered judgment in favor of HFCU and against Buchanan. HFCU then filed this action with the Rankin County Circuit Court on April 14, 2020, seeking confirmation of the arbitration award and entry of final judgment against Buchanan.

¶5. On July 22, 2020, service of HFCU's complaint was accepted and made on Buchanan by the Lafayette County Sheriff's Office. Buchanan filed his motion to transfer venue to the Hinds County Circuit Court, First Judicial District, on August 21, 2020. HFCU then filed its response on August 28, 2020, and opposed transferring venue of the action to Hinds County. On November 6, 2020, HFCU filed a motion for judgment as a matter of law against Buchanan. HFCU proceeded to set a hearing for November 24, 2020, on Buchanan's motion

_____

that Taylor Brown defaulted at some point between March 8, 2012, and September 20, 2017. The date of the default is unknown, but the precise date of the default is not pertinent to the matters on appeal, nor are the details of Taylor Brown's default within the record before this Court.

[5] The loan documents evidence that Buchanan and Ivory were jointly and severally liable for payment of the loan indebtedness. Ivory's liability is not relevant to the issue on appeal. As such, we confine our discussion to Buchanan's liability.

to transfer venue and HFCU's motion to confirm the arbitration award, but the hearing was subsequently changed to November 25, 2020.

¶6. On November 23, 2020, Buchanan filed his reply to HFCU's response opposing the transfer of venue, and on November 24, 2020, Buchanan filed a motion to stay the hearing on HFCU's motion for judgment as a matter of law until after the hearing on venue. The next morning, on November 25, 2020, the day the hearing was scheduled to occur, Buchanan's counsel requested a continuance of the hearing.

¶7. Rather than postpone the hearing, the parties reached an agreement to have the circuit court rule on the motions based on the parties' briefs. But the parties' agreement was contingent on a request from HFCU for the court to consider the fact that arbitration occurred in Madison County, not Hinds County as previously alleged by Buchanan, and a request from Buchanan to consider an additional case reference. Neither Buchanan or HFCU objected to the requests made.

¶8. The circuit court rendered a decision on November 25, 2020, and informed the parties by electronic communication that the motion to transfer venue was denied and that the motion to confirm the arbitration award was granted. On January 28, 2021, the circuit court entered an order denying a transfer of venue and entered a final judgment confirming the arbitration award against Buchanan and in favor of HFCU. Buchanan filed his notice of appeal on February 26, 2021.

**STANDARD OF REVIEW**

4

¶9.     "Circuit courts' rulings on motions for change of venue are reviewed under an abuse-of-discretion standard." *Taylor Constr. Co. Inc. v. Superior Mat Co. Inc.*, 298 So. 3d 956, 958 (¶5) (Miss. 2020). The circuit court is required to "give the plaintiff the benefit of reasonable doubt with respect to venue selection, and this Court must do the same on appeal." *Williamson v. Edmonds*, 880 So. 2d 310, 315 (¶13) (Miss. 2004). We "will not disturb a trial court's ruling regarding venue 'unless it clearly appears that there has been an abuse of discretion or that the discretion has not been justly and properly exercised under the circumstances of the case.'" *Am. Fam. Life Assur. of Columbus v. Ellison*, 4 So. 3d 1049, 1051 (¶8) (Miss. 2009) (quoting *Hedgepeth v. Johnson*, 975 So. 2d 235, 237 (¶7) (Miss. 2008)).

## DISCUSSION

¶10.    Buchanan claims that the Rankin County Circuit Court was not a proper venue for HFCU's action seeking to confirm the arbitration award, and he alleges that Hinds County was the proper court instead.[6] Buchanan's venue argument is based on three grounds: he does

---

[6] Buchanan's appeal does not pertain to a motion to compel arbitration or to enforce an arbitration agreement, nor does his appeal involve a challenge to the contents or veracity of an arbitration award (such as modifying or vacating an arbitration award). Buchanan's appeal simply contests the specific court in which the arbitration award was confirmed.

Though mootness was not raised, we are cognizant of supreme court precedent that indicates the issue of venue has been deemed moot in cases where the judgment was deemed correct as a matter of law and not disturbed. *See State ex rel. Fitch v. Yazaki N. Am. Inc.*, 294 So. 3d 1178, 1184 (¶15) (Miss. 2020) (finding the issue of venue moot where the judgment of dismissal was appropriate as a matter of law regardless of which chancellor entered the order); *see also Bullock v. Life Ins. Co. of Miss.*, 872 So. 2d 658, 661 (¶12) (Miss. 2004) (holding the venue issue moot where summary judgment was correct as a matter of law and

5

not reside in Rankin County; arbitration was not conducted in Rankin County; and the failure to make payments on the loan did not occur in Rankin County. Conversely, HFCU contends that Rankin County is a proper venue because the failure to cure the loan default occurred at HFCU's principal place of business located in Rankin County.

¶11.    By definition, venue is "[t]he proper or a possible place for a lawsuit to proceed[.]" *Black's Law Dictionary* at 1870 (11th ed. 2019). Venue "refers to the place where an action is to be heard[.]" *State v. Walgreen Co.*, 250 So. 3d 465, 474 (¶27) (Miss. 2018).[7] "The determination for proper venue is governed by statute." *Jones County. v. Est. of Bright ex rel. Bright*, 351 So. 3d 458, 460 (¶7) (Miss. 2022); *see also Weeks Inc. v. Lewis*, 335 So. 3d 1049, 1052 (¶13) (Miss. 2022) ("The permissible venues for a plaintiff to select from are controlled by statute."). Our supreme court has explained, "It is well established that the plaintiff is entitled to choose between any of the permissible venue options where credible evidence or factual basis supports the venue selected." *Snyder v. Logan*, 905 So. 2d 531, 534 (¶16) (Miss. 2005). In other words, the plaintiff's "choice must be sustained unless in the end there is no

not disturbed). But out of an abundance of caution, we will address the merits of Buchanan's venue claim in this matter.

[7] In certain portions throughout Buchanan's appeal, he uses the word "venue" but appears to conflate this issue with Rankin County Circuit Court's "authority" to consider and rule on HFCU's motion to confirm the arbitration award. Notably, venue is a "distinct matter having to do with the place [or territory] where a suit may be brought rather than the authority of the particular court to hear that type of case at all." *Blackledge v. Scott*, 530 So. 2d 1363, 1365 (Miss. 1988). In other words, "[v]enue involves a procedural rather than a jurisdictional question, and is a matter that goes to process rather than substantive rights." 92A C.J.S. *Venue* § 2 (2022).

credible evidence supporting the factual basis for the claim of venue." *Wal-Mart Stores Inc. v. Johnson*, 807 So. 2d 382, 386 (¶6) (Miss. 2001) (quoting *Flight Line Inc. v. Tanksley*, 608 So. 2d 1149, 1155 (Miss. 1992)); *see also Herman Grant Co. v. Washington*, 214 So. 3d 266, 271 (¶14) (Miss. 2017) ("It is the plaintiff's prerogative to decide where, among permissible venues, to sue the defendant.").

¶12.    Mississippi law includes a section of statutes that cover arbitration proceedings and delineate the rules that apply to arbitration.[8]  Mississippi Code Annotated section 11-15-21 (Rev. 2019) governs the confirmation of arbitration awards and states the following:

> Upon presentation of the articles of submission and the award to the *court designated* in the submission *or* the *court having jurisdiction of the subject matter of the award*, the court shall, upon motion, confirm the award, unless the same be vacated or modified, or a decision thereon be postponed, as hereinafter provided.

(Emphasis added). Section 11-15-21 instructs the parties as to where it is permissible for an award to be confirmed. By its terms, the statute directs parties to present the award for confirmation (1) to the court specifically named in the demand that submitted the claim to arbitration *or* (2) to the court with subject matter jurisdiction of the arbitrated claim. Thus,

---

[8] Mississippi Code Annotated section 11-15-1 (Rev. 2019) states:

All persons, except infants and persons of unsound mind, may, by instrument of writing, submit to the decision of one or more arbitrators any controversy which may be existing between them, which might be the subject of an action, and may, in such submission, agree that the court having jurisdiction of the subject matter shall render judgment on the award made pursuant to such submission.

7

an action for confirmation cannot be deemed to have been brought in an "improper venue" when the action has been filed in a court that conforms to section 11-15-21.

¶13.   This statute provides guidance in determining whether the Rankin County Circuit Court was a permissible forum for HFCU's action on the arbitration award. Here, Rankin County Circuit Court could be deemed a permissible venue under the statute if the articles of submission designated Rankin County Circuit Court as the court for post-arbitration proceedings. A review of the record shows that the parties did not designate a specific court anywhere in the demand for arbitration or the documents attached to the submission. In the alternative, the Rankin County Circuit Court could be a permissible venue if the court had subject matter jurisdiction over HFCU's claim against Buchanan.

¶14.   "Jurisdiction of the subject matter is the power of the court to hear and determine cases of the general class to which the particular case belongs." *Duvall v. Duvall*, 224 Miss. 546, 80 So. 2d 752, 754 (1955). "The subject matter means the nature of the cause of action and the relief sought." *Id*. When reviewing a claim "[t]o determine whether a court has subject matter jurisdiction, we look to the face of the complaint, examining the nature of the controversy and the relief sought." *RAS Fam. Partners LP v. Onnam Biloxi LLC*, 968 So. 2d 926, 928 (¶11) (Miss. 2007).

¶15.   Here, HFCU commenced arbitration proceedings by submitting a claim against Buchanan to recover payment for the indebtedness of Taylor Brown of which Buchanan had an obligation to pay pursuant to the terms and conditions of the Guaranty. Thus, HFCU's

8

claim against Buchanan was contractual in nature and sought monetary relief based on the rights granted under the terms of the contract.

¶16. "The circuit courts of this state have original jurisdiction of suits filed therein for damages based upon actions ex contractu" (or arising from a contract). *City of Starkville v. Thompson*, 243 So. 2d 54, 55 (Miss. 1971). Our supreme court has also held that "[t]he circuit court has original jurisdiction over all breach of contract cases." *Bd. of Trustees of State Institutions of Higher Learning v. Brewer*, 732 So. 2d 934, 936-37 (Miss. 1999).

¶17. The Rankin County Circuit Court had subject matter jurisdiction over HFCU's contract claim against Buchanan. Consequently, under the second part of section 11-15-21, we cannot find that Rankin County Circuit Court was an impermissible court to confirm the arbitrator's award granting HFCU monetary relief based on Buchanan's obligations stipulated in the Guaranty.

¶18. Furthermore, the record indicates that Buchanan failed to cure the default and pay the outstanding loan indebtedness at the specific address of HFCU, 4 Old River Place Suite A, Jackson, Mississippi, which is located in Rankin County. Under Mississippi Code Annotated section 11-11-3 (Rev. 2019), our general venue statute, venue is held to be proper as follows:

> (1)(a)(i) Civil actions of which the circuit court has original jurisdiction shall be commenced in the county where the defendant resides, or, if a corporation, in the county of its principal place of business, or in the county where a substantial alleged act or omission occurred or where a substantial event that caused the injury occurred.
> (ii) Civil actions alleging a defective product may also be commenced in the county where the plaintiff obtained the product.

9

(b) If venue in a civil action against a nonresident defendant cannot be asserted under paragraph (a) of this subsection (1), a civil action against a nonresident may be commenced in the county where the plaintiff resides or is domiciled.

Miss. Code Ann. § 11-11-3.

¶19.   In *Taylor Constr. Co. Inc.*, 298 So. 3d at 958 (¶6), Taylor Construction rented commercial mats from Superior, a company located in Covington County, and proceeded to use the mats at construction sites in different counties. The parties operated in accordance with their rental contract until Superior billed Taylor Construction for a number of mats that Taylor Construction allegedly failed to return and for the repair and replacement of some mats that were returned unmerchantable. *Id*. at 957 (¶3). When Taylor Construction received the invoice for those bills, the company stopped payment on all invoices from Superior. *Id*. As a result, Superior commenced an action against Taylor Construction for breach of contract, among other claims. *Id*. at (¶4). Superior brought suit in Covington County, and Taylor Construction filed a motion to transfer venue. *Id*. at 957-58 (¶4). The court found that Taylor Construction picked up and returned the mats at the place where Superior was located in Covington County. *Id*. at 959 (¶11). The supreme court stated in its ruling that the trial court determined that Taylor Construction's "failure to return" the mats to Superior's facility in Covington County was a substantial omission by the defendant. *Id*. at 960 (¶15). Consequently, the supreme court found the venue proper and denied the request to transfer venue. *Id*. at 960-61 (¶¶17-18).

¶20. That case is factually similar to the one before us. On appeal, HFCU claims that "Buchanan and Taylor breached commercial guaranties in favor of Hope when the guaranteed loan went into default and Buchanan and Taylor 'failed to cure such defaults.'" HFCU then asserts that pursuant to the contract, the payments to cure the defaults were to be made at a specific address, 4 Old River Place, Suite A, Jackson, Mississippi, which is located in Rankin County. HFCU further alleges that Buchanan's and Taylor's failure to cure was a substantial omission of an act that was to have been performed in Rankin County and the basis of Buchanan's liability under the award.[9] Upon a review of the arbitration award,[10] the arbitrator found that "[Taylor Brown] thereafter defaulted under the terms and conditions of the Loan Documents," and "Buchanan . . . personally and unconditionally guaranteed the Loan." Further, the arbitrator determined that "[Buchanan] agreed in the Guaranties to be jointly and severally liable to [HFCU] for all of the indebtedness owed by [Brown] under the Loan," and when Brown went into default, Buchanan "failed to cure such defaults."

¶21. The record on appeal indicates that Taylor Brown and Buchanan were obligated to

---

[9] Buchanan describes HFCU's claim as "an arbitration proceeding against Buchanan to recover the indebtedness incurred by the Borrower pursuant to the Guaranty."

[10] We note, however, that "[t]ime and again, our appellate courts have held that 'it is not appropriate for this Court to inquire into the evidentiary basis of [an arbitrator's] award.' . . . To do otherwise would be to open the door to the boundless legal and evidentiary appeals that can 'rende[r] informal arbitration merely a prelude to a more cumbersome and time-consuming judicial review process,' and bring arbitration theory to grief in post-arbitration process." *D. W. Caldwell Inc. v. W.G. Yates & Sons Constr. Co.*, 242 So. 3d 92, 103 (¶30) (Miss. 2018) (quoting *D'Angelo v. Hometown Concepts Inc.*, 791 So. 2d 270, 273 (¶11) (Miss. Ct. App. 2001)).

make curative payments on the loan to HFCU at 4 Old River Place Suite A, Jackson, Mississippi, which was located within Rankin County. They failed to make these payments. As a result, the loan went into default and Taylor Brown and Buchanan accrued indebtedness. The threshold for a plaintiff "to defeat a motion to transfer venue" is merely that "he or she should be prepared to present *some* credible evidence supporting his or her choice of forum." *Carson v. Linley*, 292 So. 3d 212, 217 (¶18) (Miss. 2020) (emphasis added). Moreover, "[o]f right, the plaintiff selects among the permissible venues, and his choice must be sustained unless in the end there is *no* credible evidence supporting the factual basis for the claim of venue." *Id*. at 216 (¶11) (emphasis added) (quoting *Hedgepeth*, 975 So. 2d at 238 (¶10)).

¶22.    By failing to make payments to HFCU at the specified address, which was the place where the loan went into default, Buchanan made a substantial omission, breaching his obligations under the Guaranty. The address designated in the loan documents was located within Rankin County. Thus, the record indicates that Buchanan's substantial omission was in Rankin County. We find that the record contains "some credible evidence" to support HFCU's choice of Rankin County Circuit Court as the venue for its action to confirm the arbitration award against Buchanan and find no abuse of discretion.

## CONCLUSION

¶23.    Because the failure to tender the required payments at the designated address was a substantial omission, Rankin County was a permissible venue. Accordingly, the circuit court

12

did not abuse its discretion, and we affirm the order denying Buchanan's motion to transfer venue and reject Buchanan's contention that the "judgment should be deemed void" for lack of jurisdiction. Additionally, because we find Rankin County was a proper venue, we need not address whether Hinds County would be a proper venue.

¶24. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE AND LAWRENCE, JJ., CONCUR. McCARTY, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. WESTBROOKS, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. McDONALD, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. EMFINGER, J., NOT PARTICIPATING.**