# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CA-00427-COA

**GILLESPIE FUNERAL HOME, LLC AND ANGELA GILLESPIE-PEGUES**                    APPELLANTS

**v.**

**MAGNOLIA GUARANTY LIFE INSURANCE COMPANY**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 03/14/2024 |
| TRIAL JUDGE: | HON. PERCY L. LYNCHARD JR. |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANTS: | LEIGHANNE EULEA LOCKETT |
| ATTORNEYS FOR APPELLEE: | RONALD KEITH FOREMAN |
| | EDWARD E. LAWLER JR. |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED - 11/04/2025 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., EMFINGER AND WEDDLE, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1. Gillespie Funeral Home LLC (Gillespie LLC) and Angela Gillespie-Pegues (collectively "Plaintiffs" or "Appellants") appeal the DeSoto County Chancery Court's judgments (1) denying their motion to set aside an arbitration award to Magnolia Guaranty Life Insurance Company (Magnolia) and (2) the court's entry of final judgment confirming the award. Finding no error, we affirm.

## Facts and Procedural History

¶2. Gillespie LLC is a funeral home located in Olive Branch, Mississippi. Angela Gillespie-Pegues is a member of Gillespie LLC and the daughter/successor-in-interest to

George Gillespie. George, now deceased, was the principal owner of Gillespie LLC and had served as an agent for Magnolia in connection with the solicitation, sale, and servicing of life insurance policies sold to residents of DeSoto County and surrounding areas. He was also a shareholder in Magnolia.

¶3. In 2010, a Gillespie LLC employee diverted a substantial amount in premium payments, which placed several policyholders' coverage in jeopardy. To cure the deficit, George entered into a promissory note (the Note) with Magnolia on November 17, 2010, in order to bring those policies up to date. As security, George pledged his 9,526 shares of voting common stock in Magnolia (stated value of $151,313.03) and a lien against the funeral home's property in Olive Branch. The Note was ultimately paid according to the agreed terms. However, George's shares were not returned, and payments for the shares or any dividends on the same were not paid. Moreover, the Plaintiffs contended that the policies were not brought current, as the terms of the Note and the parties had intended at the time of signing. Gillespie-Pegues entered into an Independent Management Contract (the Contract) with Magnolia on March 10, 2016.

¶4. On May 3, 2021, the Plaintiffs filed a complaint against Magnolia, seeking damages, an accounting, and a declaratory judgment that the Note had been paid in full and that the lapsed policies "were restored to good standing and full force." Magnolia answered the complaint on July 16, 2021, denying any liability to Gillespie LLC and asserting "each applicable affirmative defense listed in Miss. R. Civ. P. 8(c) and any other matter which

2

constitutes avoidance or an affirmative defense under the facts of this case."[1] Magnolia requested that the Plaintiffs' complaint be "dismissed with prejudice and that it is awarded its costs, attorney's fees and expenses in defending this matter." Magnolia propounded interrogatories and requests for production of documents to the Plaintiffs on August 11, 2021.

¶5. On September 13, 2021, Magnolia filed a motion with the chancery court, seeking leave to file an amended answer to assert the defense of the right to arbitration based on the terms of the Contract between Magnolia and Gillespie-Pegues. Section 37 of the Contract provided in pertinent part that "[a]ny controversy concerning provisions of this contract shall be resolved exclusively by arbitration in accordance with United States Arbitration Act (9 U.S.C. §§ 1 et seq.) to the exclusion of any conflicting or contrary state laws." The proposed amended answer raised the arbitration provision in the Contract as a defense.

¶6. Magnolia filed a motion to compel arbitration on September 16, 2021. The Plaintiffs responded, arguing that the arbitration provision was "unreasonable and unenforceable" and that Magnolia had waived its right to compel arbitration by participating in the litigation (i.e., filing an answer and initiating discovery by serving interrogatories). They also noted that

---

[1] We would note this Court's holding that "[a] defendant must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff fair notice of the defense that is being advanced." *Latham v. Johnson*, 262 So. 3d 569, 582 (¶73) (Miss. Ct. App. 2018); *see also Pruitt ex rel. Brooks v. Sargent*, 349 So. 3d 729, 732 (¶7) (Miss. 2022) (recognizing that "our law places the burden on the defendants to identify and give fair notice of their intended defenses"). Regardless, because the Plaintiffs did not appeal the chancery court's decision to grant Magnolia's motion to compel arbitration, *see infra* ¶7, any subsequent argument that Magnolia had waived arbitration as an affirmative defense is now barred.

none of the thirty-three defenses stated in the answer mentioned arbitration.[2] Magnolia filed its proposed amended answer on September 28, 2021, which included "a counterclaim against the Plaintiffs for all damages for which it may be entitled including, but not limited to, breach of the terms of the Contract and for any and all other relief whether at law or in equity as the Court deems fit under the circumstances and facts of this case."

¶7.    At the motions hearing on November 17, 2021, the chancery court granted Magnolia's motion for leave to amend its answer.  On November 22, 2021, the chancery court entered a final, appealable order granting Magnolia's motion to compel arbitration, concluding (1) that the arbitration provision in the Contract was not "unreasonable" nor "unenforceable" and (2) that Magnolia had not waived its right to compel arbitration.  The Plaintiffs filed a motion to reconsider on December 2, 2021, which the chancery court denied on March 10, 2022. The Plaintiffs did not pursue an appeal of the court's order compelling arbitration.[3]

---

[2]  *See supra* note 1.

[3]  The Mississippi Supreme Court has held:

> [A]n order compelling arbitration which disposes of all the issues before the trial court or orders the entire controversy to be arbitrated is a final decision, and therefore, immediately appealable.  Further, any final decision with respect to arbitration is appealable to this Court pursuant to Mississippi Rules of Appellate Procedure 3 and 4.  *See* M.R.A.P. 3, 4.

*Sawyers v Herrin-Gear Chevrolet Inc.*, 26 So. 3d 1026, 1034 (¶19) (Miss. 2010).  Because the Plaintiffs did not appeal the chancery court's order and then fully participated in the arbitration proceedings, they have waived any right to challenge the court's November 22, 2021 order post-arbitration.  *See Coombs v. Jason Pilger Hyundai of Gautier*, 285 So. 3d 730, 737 (¶19) (Miss. Ct. App. 2019) (finding appellants' "participation in the arbitration constituted a waiver of their rights to challenge the validity of the order compelling it on appeal"); *see also Paige Elec. Co. v. Davis & Feder P.A.*, 231 So. 3d 201, 205 (¶12) (Miss. Ct. App. 2017) ("A party cannot sit silent, wait until an adverse award is issued, and then

¶8.     The parties engaged Robert A. Biggs III, an arbitrator with the American Arbitration Association Commercial Arbitration Tribunal, *In re the Arbitration between Magnolia Guaranty Life Insurance Company vs. Gillespie Funeral Home, LLC*, Case No. 01-22-0001-8440.  The arbitrator entered a preliminary hearing order on August 30, 2022, which stated, among other items, that the parties had agreed to the following:

> 2. Parties: All necessary or appropriate parties are included in the arbitration.
>
> 3. Claim/Counterclaim: [Magnolia] has submitted a liquidated claim for $388,227.79 and [Gillespie LLC] by way of counter-claim is affirmatively seeking an accounting and potential offset to the claim for monies paid by [Gillespie LLC,] which it alleges should be applied as a credit to the amounts sought by [Magnolia].
>
> . . . .
>
> 13. There will be no stenographic record made of these proceedings.
>
> 14. Award: The form of the award will be a Standard Award.

The parties engaged in the arbitration process for several months.  On November 1, 2023, the arbitrator conducted an evidentiary hearing without a stenographic record (in accordance with the provision of the preliminary hearing order).

¶9.     On November 30, 2023, the arbitrator awarded Magnolia $246,163.83, plus reimbursement from Gillespie LLC in the amount of $1,550.00, "representing that portion of said fees and expenses in excess of the apportioned cost previously incurred" by the insurance company.  Magnolia filed a motion with the DeSoto County Chancery Court on December 29, 2023, requesting that the court confirm the arbitrator's award of $246,163.38

first argue that the arbitrator did not have the authority even to hear the claim." (quoting *Advocate Fin. Grp. v. Poulos*, 8 N.E.3d 598, 609 (¶53) (Ill. App. Ct. 2014))).

5

and enter a final judgment. Magnolia filed an amended motion a week later, correcting the amount of the award to $247,713.38, which encompassed the reimbursement for fees.

¶10. The Plaintiffs filed a response, requesting the chancery court vacate the arbitrator's award. The Plaintiffs claimed that (1) the arbitrator's award was based on erroneous calculations not supported by credible evidence; and (2) Gillespie LLC "was not a party" to the Contract upon which the award was based.

¶11. On March 14, 2024, the chancery court entered three judgments: (1) one denying the Plaintiffs' motion to set aside the arbitrator's award; (2) one confirming the final arbitration award; and (3) a final judgment under Mississippi Rule of Civil Procedure 54(b), finding against Plaintiffs and awarding Magnolia "the principal amount of $247,713.38, plus post-judgment interest at the contract rate." The Plaintiffs appealed from the chancery court's final judgment and its order denying their motion to set aside the award.

**Standard of Review**

¶12. When reviewing "a trial court's order confirming an arbitration award[,] . . . questions of law are reviewed de novo[,] and findings of fact are reviewed only for clear error." *Coombs*, 285 So. 3d at 734-35 (¶13). "Every reasonable presumption will be indulged in favor of the validity of arbitration proceedings." *Zemek v. Gunn*, 394 So. 3d 485, 489-90 (¶16) (Miss. Ct. App. 2024) (quoting *White v. Cmty. Bancshares of Miss. Inc.*, 310 So. 3d 842, 845-46 (¶8) (Miss. Ct. App. 2021)).

**Discussion**

I. **Whether the chancery court erred in the denying Appellants' motion to set aside the award.**

6

¶13.    "The only grounds for setting an arbitration award aside, or of modifying it, are prescribed by statute." *Hutto v. Jordan*, 204 Miss. 30, 39, 36 So. 2d 809, 810 (1948). Mississippi Code Annotated section 11-15-23 (Rev. 2019) deals with vacating an arbitration award on any of the following grounds:

> (a) That such award was procured by corruption, fraud, or undue means;
>
> (b) That there was evident partiality or corruption on the part of the arbitrators, or any one of them;
>
> (c) That the arbitrators were guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown, or in refusing to hear evidence pertinent or material to the controversy, or other misbehavior by which the rights of the party shall have been prejudiced;
>
> *(d) That the arbitrators exceeded their powers, or that they so imperfectly executed them that a mutual, final, and definite award on the subject matter was not made.*

Miss. Code Ann. § 11-15-23 (emphasis added).    Our Court has "strictly applied the provisions of section 11-15-23 when considering the validity of an arbitration award." *Coombs*, 285 So. 3d at 738 (¶23).

¶14.    The Mississippi Supreme Court has "held that a mistake of law, a mistake of fact, or a decision lacking an evidentiary basis is insufficient to constitute a violation of any of the four statutory categories that permit the vacatur of an arbitrator's decision." *Robinson v. Henne*, 115 So. 3d 797, 803 (¶19) (Miss. 2013); *see also Hutto*, 204 Miss. at 40-41, 36 So. 3d at 811 ("announc[ing]" the "applicable general rule" that '[e]rrors of law or fact, or an erroneous decision of matters submitted to the judgment of the arbitrators, are insufficient to invalidate an award fairly and honestly made'" (quoting 3 Am. Jur. *Award and Arbitration*

7

§ 135)). Because the trial court's "judicial review of arbitration awards" is "narrowly focused . . . on those extremely limited exceptions outlined by statute," the court must limit its "analysis of motions to vacate, modify, or correct an arbitration award and . . . not use such review as an opportunity to relitigate issues decided in the arbitration." *D. W. Caldwell Inc. v. W.G. Yates & Sons Constr. Co.*, 242 So. 3d 92, 99 (¶14) (Miss. 2018).

> A. Whether the arbitrator "exceeded his authority" when he ruled that no relief should be awarded to Gillespie LLC.

¶15. The Appellants contend that the arbitration award should be set aside because

> the arbitrator exceeded his powers to the extent he reviewed issues not submitted and issues that should have been omitted, as well as ignored the claims for relief that were submitted, which is not only evidenced in the Award of the Arbitrator but also in the Preliminary Hearing Order prepared by the Arbitrator.

They note that "Gillespie LLC sought relief in the form of an accounting and declaratory judgment as to the current status of the Note signed by [George] in 2010."

¶16. We find their argument fails for two reasons. First, the parties mutually agreed to the provisions stated in the preliminary hearing order, and the Appellants fully participated in more than a year of discovery and the arbitration proceedings. Second, the parties agreed in that order (1) that there would no stenographic record of the proceedings and (2) that the arbitrator would issue a "standard award"; so there were no findings of fact by the arbitrator. Consequently, there is nothing in the record to show that the Appellants ever objected to the omission of any issues or claims addressed during the proceedings. With the limited record before us, we can find no basis for the setting aside of the award.

¶17. The Appellants further contend that because Gillespie LLC was not a party to the

Contract, the arbitration provision is "unenforceable" as to the funeral home, and "Gillespie LLC was inappropriately forced to arbitrate its claims for relief." They also note that Gillespie-Pegues, the only named party to the Contract, was not a named respondent or counterclaimant in the arbitrator's preliminary hearing order.

¶18. However, the parties had agreed to the preliminary hearing order, which stated, "All necessary or appropriate parties are included in the arbitration." Furthermore, Gillespie LLC did not raise the issue of its being a non-signatory to the Contract until its February 20, 2024 response to Magnolia's amended motion to confirm the award, which was *after* the arbitration process had concluded and *after* the arbitration award was entered. Therefore, we find that the Appellants have waived this argument. *See MS. Credit Center Inc. v. Horton*, 926 So. 2d 167, 180 (¶44) (Miss. 2006) (holding "[a] defendant's failure to timely and reasonably raise and pursue the enforcement of any affirmative defense or other affirmative matter or right which would serve to terminate or stay the litigation, coupled with active participation in the litigation process, will ordinarily serve as a waiver").

¶19. Regardless, the supreme court has held "that a nonsignatory party may be bound to an arbitration agreement if so dictated by the ordinary principles of contract and agency." *Terminix Int'l Inc. v. Rice*, 904 So. 2d 1051, 1058 (¶27) (Miss. 2004) (quoting *Washington Mut. Fin. Grp. LLC v. Bailey*, 364 F.3d 260, 267 (5th Cir. 2004)). "Accordingly, . . . 'a signatory may enforce an arbitration agreement against a non-signatory if the non-signatory is a third-party beneficiary or if the doctrine of equitable estoppel applies.'" *Simmons Hous. Inc. v. Shelton ex rel. Shelton*, 36 So. 3d 1283, 1286 (¶9) (Miss. 2010) (quoting *Qualcomm*

9

*v. Am. Wireless Grp.,* 980 So. 2d 261, 269 (¶17) (Miss. 2007)).  Since Gillespie LLC did not raise this argument of being a non-signatory to the Contract until after the award was issued in Magnolia's favor, we agree with Magnolia that the doctrine of equitable estoppel bars the funeral home from now asserting that it was not bound by the arbitration.

¶20.  Accordingly, we find the Appellants' arguments lack merit.

> B.  *Whether the arbitrator "imperfectly executed" his power under section 11-15-23(d) because his actions resulted in an award that was not mutual, final, and definite on the subject matter.*

¶21.  The Appellants claim that the arbitrator "imperfectly executed" his power because the award was based upon calculations that:

> (1) were not supported by credible evidence as to their amount because they included allegedly unpaid premiums on policies that had been brought current by the Promissory Note executed by Mr. Gillespie in 2010; (2) included calculations in which premium payments were incorrectly applied resulting in credits for some policy-holders while others were determined to be in default; and (3) presumed without any evidence that the total amounts calculated included premium payments received by the Gillespie-Pegues but that were not paid over to Magnolia.

The Appellants agreed in the preliminary hearing order to a standard award, "which is a 'mere announcement of the arbitrator's decision.'"  *YPF S.A. v. Apache Overseas Inc.*, 924 F.3d 815, 820 (5th Cir. 2019) (quoting *Rain CII Carbon LLC v. ConocoPhillips Co.*, 674 F.3d 469, 474 (5th Cir. 2012)).[4]  The Appellants attached a few select pages from the depositions of Gillespie-Pegues and a Magnolia representative to their motion to set aside the award, but there is no record from the hearing nor findings of fact by the arbitrator.  As

---

[4]  A reasoned award, on the other hand, "requires the arbitrators to submit something short of findings and conclusions but more than a simple result."  *YPF S.A.*, 924 F.3d at 820 (internal quotation marks omitted).

we held in *Coombs*, "simply raising alleged factual errors by the arbitrator does not constitute grounds for vacating his decision." *Coombs*, 285 So. 3d at 739 (¶23). We find their argument is not supported by the record.

¶22. Because the Appellants failed to establish a statutory ground to set aside the arbitrator's award, we find no error in the chancery court's denial of the Appellants' motion.

## II. Whether the award should be reversed and remanded to correct the arbitrator's alleged "evident miscalculation."

¶23. Mississippi Code Annotated section 11-15-25 (Rev. 2019) states that "[a]ny party to the submission may also move the court to modify or correct the award . . . [w]here there is an evident miscalculation of figures[.]" The Appellants claim that the award was "largely based" on a spreadsheet submitted by Magnolia, which the Appellants claim contained incorrect calculations. Specifically, the Appellants allege the following inaccuracies in the spreadsheet:

> The report is riddled throughout with the notation "PNF" (Policy Not Found), and Magnolia still included several of these unfound policies in its premium calculation. Premiums sent in by Gillespie-Pegues were not entered by Magnolia and appropriately applied to insureds, as shown on page 7 of the audit denoted with "funds on policy and checks deposited but premiums not yet applied" totaling $35,009.64. Also on the report, Magnolia included deceased policyholders that are denoted with "death claim" next to their name to indicate the death claim was paid; however, the report states a premium is still due. For example, on page 5 of the report, Ms. Bonnie Arnold, has "death claim" to indicated she is deceased, however, there is a premium still due in the amount of $1,119.96.

In *D. W. Caldwell Inc.*, the Mississippi Supreme Court considered "what amounts to an evident miscalculation justifying modification under the law." *D. W. Caldwell Inc.*, 242 So. 3d at 99 (¶16). Recognizing that arbitration is "a binding, bargained-for, dispute-resolution

method," the supreme court found "that the 'evident (plain, obvious, or clearly understood) miscalculation must be apparent from nothing more than the four corners of the award and the contents of the arbitration record." *Id.* at 100 (¶¶19-20). "Looking to evidence beyond 'the face' of the award or the arbitration record . . . diminish[es] the binding nature and finality of arbitration proceedings" by allowing the parties "to retry the matter in front of a trial judge." *Id.* at 100-01 (¶20). Thus, "the scope of judicial review of an arbitration award is quite narrow." *Paige Elec. Co.*, 231 So. 3d at 205 (¶10).

¶24. The parties agreed in the preliminary hearing order that there would be no stenographic record of the proceedings; therefore, the record before us does not contain any testimonial evidence from the evidentiary hearing. Magnolia further notes that the Appellants have only "cherry pick[ed]" excerpts from the "dozens of documents introduced as evidence" to support their claim.

¶25. In *City of Hattiesburg v. Precision Construction LLC*, 192 So. 3d 1089 (Miss. Ct. App. 2016), our Court addressed a similar matter. The City of Hattiesburg filed a motion to modify an arbitrator's award under section 11-15-135, arguing that the award was based on an alleged evident miscalculation. *Id.* at 1092 (¶12). Since Precision had conceded a "limited error" in the arbitrator's calculation, the trial court granted the motion, but *only* with respect to that limited error. *Id.* at (¶¶13-14). On appeal, we determined that the City failed to meet the statutory requirement for modification for two reasons:

> First, there is no record of the arbitration hearing, so we cannot know whether the documents on which the City now relies were even presented at the hearing. The arbitrator's decision indicates that no such argument was made. The concept of an "evident miscalculation" presupposes that the parties

12

presented the arbitrator with evidence from which a "correct" calculation could have been made. If his calculations were consistent with the evidence and argument presented, then there is no miscalculation. *Because there is no record of the hearing, it is impossible for us to say that the arbitrator made an "evident miscalculation."*

*Id*. at 1094-95 (¶23) (emphasis added). Likewise, without exhibits in the record from the hearing or another other documentation of the record, we cannot say that the arbitrator's award was based on an "evident miscalculation." Furthermore, as we stated in *City of Hattiesburg*, "even if we found the total size of the award either shocking or unsupported by the record, that alone would not be a ground for vacating or modifying it." *Id*. at 1095 (¶26) (internal quotation marks omitted).

¶26. Finding no error, we affirm the chancery court's judgments.

¶27. **AFFIRMED.**

**CARLTON AND WILSON, P.JJ., WESTBROOKS, LAWRENCE, McCARTY, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR. McDONALD, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**